# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:10-cr-13-022 |
| v. ) | |
| ) | Judges McDonough/Steger |
| WHITNEY BROCK ) | |

## AMENDED MEMORANDUM AND ORDER

WHITNEY BROCK ("Defendant") came before the Court for an initial appearance on February 7, 2019, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure on the Petition for Warrant for Offender Under Supervision ("Petition") [Doc. 837].

After being sworn in due form of law, Defendant was informed of her privilege against self-incrimination under the 5th Amendment and her right to counsel under the 6th Amendment to the United States Constitution.

The Court determined Defendant wished to be represented by an attorney and that she qualified for the appointment of an attorney to represent her at government expense. Consequently, the Court **APPOINTED** attorney Erin Rust of Federal Defender Services of Eastern Tennessee Inc. to represent Defendant.

Defendant was furnished with a copy of the Petition and had an opportunity to review that document with her attorney. The Court determined that Defendant was able to read and understand the Petition with the assistance of her counsel. In addition, AUSA Perry Piper explained to Defendant the specific charges contained in the Petition. Defendant acknowledged she understood the charges in the Petition.

The Government moved Defendant be detained pending disposition of the Petition or further Order of this Court. The Court explained Defendant's right to a preliminary hearing and detention hearing and what those hearings entail. After conferring with her counsel, Defendant requested a preliminary hearing and a detention hearing. At Defendant's counsel's request, the detention hearing was scheduled on **February 12, 2019, at 11:00 a.m.**

The Court conducted the detention hearing at the scheduled time on February 12, 2019. The Government was represented by AUSA Terra Bay, while Defendant was represented at the hearing by her counsel, Erin Rust. The Government relied upon the testimony of United States Probation Officer Josh Henderson as well as the sworn Petition executed by Officer Henderson [Doc. 837]. The Petition includes a recitation of the various violations of conditions of supervision committed by Defendant (*i.e.*, defendant shall not illegally possess a controlled

1

substance and shall refrain from any unlawful use of a controlled substance; defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month; defendant shall answer truthfully all inquiries by the probation officer and shall follow the instructions of the probation officer; defendant shall work regularly at a lawful occupation, unless excused by the probation officer; defendant shall notify the probation officer at least 10 days prior to any change in residence or employment; defendant shall not purchase, possess, use, distribute or administer any controlled substance except as prescribed by a physician; defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered; defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer; defendant shall participate in a program of testing and/or treatment for drug and/or alcohol abuse as directed by the probation officer; defendant shall participate in a program of mental health treatment as directed by the probation officer; defendant shall not commit another federal, state or local crime; illegally possess or use a controlled substance; defendant shall not associate with any persons engaged in criminal activity unless granted permission to do so by the probation officer). Defendant's counsel, Erin Rust, proffered evidence on behalf of Defendant. Counsel for both sides were given an opportunity to argue for and against and detention.

The undersigned finds that Defendant admitted to illegal use of methamphetamine on August 14, 2018; on multiple occasions between August 14 and October 19, 2018; on November 2, 2018; and on January 6, 2019. Defendant was given an opportunity to participate in an inpatient substance abuse treatment program at CADAS, but she withdrew from the program against staff advice on January 24, 2019. Beyond that, Defendant has continued to affiliate with a convicted felon who is using methamphetamine, she has failed to follow the instructions of the probation officer, and she has otherwise been non-compliant.

The Court finds that probable cause exists to support the violations of conditions of supervised release outlined in the Petition. The Court further finds that Defendant has not carried the burden of establishing by clear and convincing evidence that she does not pose a danger to any other person or to the community and that she is not a flight risk. Consequently, the Court **GRANTED** the Government's oral motion to detain Defendant pending disposition of the Petition or further order of this Court.

It is, therefore, **ORDERED** that:

1. Counsel for Defendant and the Government shall confer and make best efforts to submit to United States District Judge McDonough a proposed Agreed Order with respect to an appropriate disposition of the Petition for Warrant for Offender Under Supervision.

2. In the event counsel are unable to reach agreement with respect to an appropriate disposition of the Petition for Warrant for Offender Under Supervision, they shall request a hearing before United States District

Judge McDonough.

3. The Government's motion that Defendant be **DETAINED WITHOUT BAIL** pending further Order of this Court is **GRANTED**

**ENTER.**

                                        /s/ *Christopher H. Steger*
                                        UNITED STATES MAGISTRATE JUDGE